IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GILBERT J. PEREZ,<br>AIS# 06683703,<br><br>    Plaintiff,<br><br>v.<br><br>NAPHCARE, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    CIV. A. NO.: 24-0231-TFM-MU<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

Plaintiff Gilbert J. Perez filed a complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983, while incarcerated at Mobile County Metro Jail. (Doc. 1). Because Plaintiff has failed to prosecute his action, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice,** pursuant to Federal Rule of Civil Procedure 41(b).

**I. Background**

On July 10, 2024, the Court docketed Plaintiff's complaint (Doc. 1) along with a motion for leave to proceed without prepayment of fees. (Doc. 2). On July 15, 2024, Plaintiff was granted permission to proceed without prepaying the required filing fee. (Doc. 5). However, based on the information provided in Plaintiff's motion, the Court ordered Plaintiff to pay a partial filing fee of $5.92 before his action moved forward. (*Id.*). Plaintiff was ordered to pay the partial payment on or before August 16, 2024. (*Id.*).

In that order, Plaintiff was also advised of deficiencies in his complaint and ordered to file an amended complaint on or before August 16, 2024. (*Id.*). Plaintiff was

cautioned that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 5). On August 13, 2024, the Court's order was returned to the Court from the Mobile County Metro Jail as "undeliverable." (*See* Doc. 6). Yet, independent internet searches of AlaCourt.com and the Mobile County Sheriff's Office reflected that Plaintiff was still being held at the Mobile County Metro Jail. As of September 10, 2024, the Court had received no payment and no communication from Plaintiff.

Because it appeared that Plaintiff remained at the Mobile County Metro Jail, the Court resent its order and extended the deadline for Plaintiff to pay the partial filing fee of $5.92 and an amended complaint to October 10, 2024. (*See* Doc. 7). Plaintiff was again cautioned in the Court's order that failure to comply with the order within the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*.). This Order has not been returned as undeliverable.

As of October 18, 2024, Plaintiff has failed to comply with the Court's order and has not communicated with the Court in any way. Internet searches of AlaCourt.com and the Mobile County Sheriff's Office continue to reflect that Plaintiff is still detained at the Mobile County Metro Jail. (https://v2.alacourt.com (last visited 10/18/2024); https://www.mobileso.com/whos-in-jail (last visited 10/18/2024)).

## II. Legal Analysis

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to

manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff's complaint was filed on an improper form and without the required filing fee and/or motion to proceed without prepayment of the filing fee. He was ordered to cure these deficiencies by October 10, 2024. To date, the Court has not received any filing or correspondence from him. Plaintiff's deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute and failure to comply with the Court's order, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III. Conclusion

In accordance with the foregoing, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **October**, **2024**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**